```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
```
ANTHONY JEFFERIES,

                Petitioner,                15-cv-2890 (PKC)(SN)

   -against-                        ORDER ADOPTING REPORT
                                           AND RECOMMENDATION

SUPERINTENDENT MICHAEL SHEAHAN,

                Respondent.
```
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

        On April 2, 2015, petitioner Anthony Jefferies, who represents himself pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court referred the petition to Magistrate Judge Sarah Netburn for a Report and Recommendation ("R & R"). On March 10, 2016, Magistrate Judge Netburn recommended that the petition be denied in its entirety. (Dkt. No. 16.) Jefferies filed objections to the R & R on June 16, 2016 (the "Objections"). (Dkt. No. 21.)

        For the reasons explained, this Court concludes that the R & R is well reasoned and grounded in law, and it is adopted in full.

BACKGROUND

        Jefferies was charged with multiple counts of gun and drug possession stemming from an October 20, 2009 police raid of the apartment of Shanita Lyons, his girlfriend at the time. Inside the apartment, police found Jefferies and Lyons with a stash of drugs and guns. (R & R at 2.) A search of the apartment uncovered more than 60 bags of marijuana, 48 bags of crack cocaine, four firearms, and drug-processing paraphernalia. (Id.) The central issue at trial was whether Jefferies had constructive possession of the contraband within the apartment. The apartment was leased to one Annie Blocker, "but Lyons subleased the apartment from Randolph Wright, Blocker's grandson,

who claimed to have inherited Blocker's lease." (Id.) Although Lyons alleged that she lived in the apartment alone and that the drugs and guns belonged solely to her, a grand jury indicted both Lyons and Jefferies with weapons and drug possession. (Id.)

At trial, the jury convicted Jefferies on four counts of second degree weapon possession, seven counts of third degree weapon possession, two counts of criminally using drug paraphernalia in the second degree, and one count of fourth degree marijuana possession. (R & R at 7.) The jury returned not guilty verdicts on one count of criminal possession of a controlled substance with intent to sell, criminal possession of more than one-eighth ounce of cocaine, and three of four weapons possession counts related to one of the firearms. (R & R at 7-8.) The court sentenced Jefferies to an aggregate sentence of fifteen years' imprisonment. (R & R at 8.) The Appellate Division affirmed the conviction and sentence, People v. Jefferies, 110 A.D.3d 646 (1st Dep't 2013), and the Court of Appeals denied leave to appeal. People v. Jefferies, 23 N.Y.3d 1063 (2014). Jefferies filed this timely section 2254 petition.

DISCUSSION

In reviewing an R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews the matters raised in Jefferies's Objections de novo. In order to establish entitlement to federal habeas relief, Jefferies must show that the trial court's actions were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. See Williams v. Taylor, 529 U.S. 362, 402–13 (2000).

**I. The R & R's Principal Conclusions and Reasoning**

Magistrate Judge Netburn's well-reasoned R & R rejected each of Jefferies's arguments in support of his section 2254 petition. First, Magistrate Judge Netburn concluded that

Jefferies's contention that there was insufficient evidence to prove that he had possession of the contraband inside Lyons's apartment was procedurally barred and alternatively, had no merit. The R & R observed that the Appellate Division concluded that Jefferies failed to preserve his insufficiency argument, which "presents an independent and adequate state law ground for denying those claims." (R & R at 10-11.) Furthermore, Jefferies failed to show cause for the default and actual prejudice, or that the failure to review such claims will result in a fundamental miscarriage of justice. (R & R at 12.) Even if not barred, however, Magistrate Judge Netburn concluded that the evidence, when viewed in a light most favorable to the People, supports the jury finding that Jefferies exerted "dominion or control" over the contraband for which he was convicted for having possession. (R & R 12-14.)

Second, Jefferies claimed that he was denied a fair trial based on the introduction of Lyons's statements regarding his prior use of a firearm. This too, was found by Magistrate Judge Netburn to be procedurally barred, unexhausted and otherwise meritless. Although Jefferies's counsel initially objected to the government's impeachment of Lyons on this matter, defense counsel later raised no objection when the testimony was repeated. Furthermore, he did not object to the trial court judge's failure to include a jury charge instructing the jury that Lyons's statement was only for use as impeachment. (R & R at 15.) Alternatively, Magistrate Judge Netburn concluded that Lyons's statement was properly used for impeachment purposes. (R & R at 18.) And while the trial judge's instruction to the jury that the statement could be used as substantive evidence was erroneous, the error was harmless "in light of the other evidence against Jefferies," including that his DNA evidence was found on the firearm. (R & R at 18-19.)

Third, Magistrate Judge Netburn concluded that Jefferies's claim that he was deprived of a fair trial by the introduction of Detective Bailey's testimony that Jefferies was the

target of the search warrant was also procedurally barred, unexhausted, and meritless. The Appellate Division determined that the argument was unpreserved. Furthermore, although the trial court struck Bailey's testimony on this matter upon an objection from Jefferies' defense counsel, his defense counsel later elicited the same testimony from Bailey. Accordingly, defense counsel waived any argument that the testimony was prejudicial. (R & R at 21.)

Last, Jefferies contended that the trial court deprived him of due process of law by failing to give a "circumstantial evidence charge"—a charge that states where a case relies wholly on circumstantial evidence, the evidence must establish guilt to a moral certainty. Magistrate Judge Netburn concluded that this argument was unsupported by any cases holding that the charge is mandated by the Constitution, and that it was procedurally barred, unexhausted, and meritless. Because defense counsel never requested such a charge, the Appellate Division determined that the argument was unpreserved. (R & R at 21-22.) Furthermore, under state law, a circumstantial evidence charge is only required where "evidence against the defendant is entirely circumstantial and the defendant requests the instruction." (R & R at 22 (citing People v. Daddona, 81 N.Y.2d 990, 992 (1993)).) Here, Magistrate Judge Netburn observed that there was substantial direct evidence that linked Jefferies to the drug operation, including DNA evidence linking Jefferies to one of the firearms, and eyewitness accounts by detectives who testified that they saw Jefferies attempting to flush crack down a toilet.

## II. This Court's Review

The Court has engaged in a de novo review of the R & R, and the record on which it is based, to the extent that Jefferies has raised an objection. See Rule 72(b), Fed. R. Civ. P. The

Court need not address in this Order all that it considered, but it has considered the entirety of the Objections.[1]  The Court, as noted, adopts the R & R in full.

Jefferies principle Objection relates to his contention that there was insufficient evidence to prove that he had possession of the contraband found in Lyons's apartment.  He argues that the Appellate Division erroneously concluded that he was part of a criminal enterprise, even though no such evidence was ever presented at trial.  Specifically, Jefferies contends that "the prosecution's theory was always based on possession, namely constructive possession and dominion and control," rather than the existence of a criminal enterprise.  (Pet'r Objections 1-3.)  As an initial matter, Jefferies's argument is foreclosed by his failure to preserve it for appeal.  However, even when considered on its face, the Appellate Division's affirmance is not contrary to the People's theory at trial.  As Magistrate Judge Netburn correctly noted, "[w]hen contraband is not found on a defendant's person, New York law requires the prosecution to prove that the defendant exercised 'dominion or control' over it."  (R & R at 13.)  One way to show "dominion or control" is by "proving that the defendant had 'a sufficient level of control over the area in which the contraband [was] found or over the person from whom the contraband [was] seized.'"  (Id. (quoting People v. Manini, 79 N.Y.2d 561, 573 (1992)).)

Here, the Appellate Division observed that the jury could have found that Jefferies had dominion or control over the contraband based on an "inference that defendant was a member of a criminal enterprise operating out of an apartment, and was thus a joint possessor of all the contraband in that apartment, regardless of whose residence the apartment might have been."

---

[1] The Court has reviewed the portions of the R & R to which no objections were made for clear error and found none.  See Rule 72, Fed. R. Civ. P. advisory committee notes (1983).

Jefferies, 110 A.D.3d at 646.  Such an inference is permissible under New York law without the need for a jury instruction.  People v. Bundy, 90 N.Y.2d 918, 920, 686 N.E.2d 496, 496 (1997) ("In the particular facts of this case, the jury could also infer that, if the drugs to which the statutory presumption applied were part of the drug factory's supply, all the contraband found must have been controlled by the factory's operatives."); People v. Tirado, 38 N.Y.2d 955, 956, 348 N.E.2d 608 (1976) ("The circumstances established the operation of a narcotics 'factory', and the inference that the tenant, as well as all those found in the apartment, were engaged in the illicit enterprise, was irresistible and therefore entitled the court to charge as it did and for the jury to find the defendant guilty as it did.").  Reviewing the evidence in a light most favorable to the People, the Appellate Division concluded that Jefferies's "membership in the unlawful operation was the only reasonable explanation for his presence in the apartment, where loaded weapons and significant quantities of drugs were in plain view."  Id.  Therefore, the Appellate Division's conclusion that the jury could have inferred that Jefferies was part of a criminal enterprise was entirely permissible under New York law.  Accordingly, Jefferies's Objection is without merit.

The Court has reviewed Jefferies's remaining Objections and finds them without merit.

CONCLUSION

The R & R is adopted in its entirety and the petition is DENIED. The Clerk is directed to close the case and enter judgment for the respondent.

Jefferies has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  See 28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163–64 (2d Cir.2011).  This Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

       SO ORDERED.

                                        P. Kevin Castel
                                  United States District Judge

Dated: New York, New York
        July 5, 2016